[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-14955
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 18, 2008
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 06-01695 CV-T-26-EAJ
06-02323-CV-T-2

5634 EAST HILLSBOROUGH AVENUE, INC.,
d.b.a. Tootsies, GEMINI PROPERTY VENTURES,
LLC, d.b.a. Showgirls, et al.,

Plaintiffs-Appellants,
Cross-Appellees,

versus

HILLSBOROUGH COUNTY, FL,
a political subdivision of the State of Florida,

Defendant-Appellee,
Cross-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(September 18, 2008)**

Before ANDERSON, BARKETT and HILL, Circuit Judges.

PER CURIAM:

We held oral argument in this appeal on September 8, 2008. At the outset, we note that appellants have abandoned on appeal numerous arguments that they either made or could have made in the district court and on appeal. For example, we note that there are three ordinances at issue, a zoning ordinance, a licensing ordinance, and an ordinance regulating bikini bars. Appellants make no distinction amongst the three ordinances; nor do they suggest that a different analysis might apply. Rather, appellants' sole, and narrow, argument on appeal is that appellants adduced sufficient evidence to create genuine issues of fact with respect to whether the county satisfied its evidentiary burden to show that its ordinances have the purpose and effect of suppressing secondary effects. Thus, appellants do not challenge the district court's resolution of any of the other aspects of the analysis for zoning ordinances set out in Peek-A-Boo Lounge of Bradenton v. Manatee County, 337 F.3d 1251, 1265-66 (11th Cir. 2003). Appellants have not challenged the district court's conclusion that the ordinances at issue do not constitute a total ban, but rather constitute merely time, place and manner regulations. And appellants do not challenge the district court's conclusion that, as a time, place and manner regulation, the ordinances are subject to intermediate scrutiny. Finally, although appellants do challenge whether the ordinances were designed to serve a substantial governmental interest, they do not challenge the

2

district court's conclusion that the ordinances allowed for reasonable alternative channels of communication. Similarly, appellants do not argue that the four pronged analysis derived from United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673 (1968), is applicable. Accordingly, the only issue for appeal is whether appellants have created a genuine issue of material fact with respect to whether the county met its evidentiary burden to show that its ordinances have the purpose and effect of suppressing secondary effects. [1]

Addressing that single issue, we note that appellants' briefs on appeal describe the evidence adduced by appellants in completely conclusory fashion. When pressed at oral argument, counsel for appellants asserted that its experts challenged the methodology of the studies put forward by the County to establish that the ordinances had the purpose and effect of reducing the secondary effects of such businesses. However, counsel's description of the alleged flaws in the County's evidence left us with the firm conviction that there was little or no diminishment in the force of the County's evidence. Appellants' brief on appeal contained vague suggestions that appellants may have adduced evidence that the particular businesses of appellants had not caused such secondary effects.

---

[1] Of course, with respect to any other issue, we express no opinion on the law or the application of the law to the facts here.

3

However, in light of the County's assertion in brief that appellants had adduced no such local evidence, we pressed appellants' counsel at oral argument for a description thereof. The only evidence counsel could describe was their expert's assertion that the calls for police help from one of appellants' businesses compared favorably to non-adult businesses. Of course, binding case law has discounted the value of such 911 calls as indicative of the kind of secondary effects which are the focus of the County's ordinances.

After oral argument and careful consideration, we conclude that the County met its evidentiary burden to show that its ordinances have the purpose and effect of suppressing secondary effects. We conclude that appellants have pointed to no evidence that would create a genuine issue of fact as to whether the County was reasonable in relying on their evidence and their rationale that the ordinances would reduce secondary effects. Accordingly, we conclude that the County has established that it was reasonable in this regard.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.